# CHARLESTON.

## F. W. HUNT v. AJAX COAL COMPANY.

### Submitted March 2, 1920.  Decided March 9, 1920.

1. NEW TRIAL—*Mistake of Fact Disclosed on Face of Verdict is Good Ground for New Trial.*

   A mistake of fact in a verdict, disclosed on its face or by analysis thereof in the light of the issues and evidence in the case, constitutes good ground for award of a new trial. (p. 737).

2. SAME—*Contradictory and Uncertain Verdict Attributable to Jury's Mistake in Their Calculations is Good Ground for New Trial.*

   A verdict in an action of assumpsit, involving a claim for purchase money of lumber, cross-ties and mine posts, on the one side, and a demand for purchase money of merchandise asserted by way of set-off, on the other, which treats both accounts as having been sufficiently proved, but allows all of

that of the plaintiff and less than half of that of the defendant, on the theory of a settlement between the parties, as of a certain date, is contradictory, uncertain and attributable to a mistake on the part of the jury, made in their calculations. (p. 738).

Error to Circuit Court, Fayette County.

Action of assumpsit by F. W. Hunt against the Ajax Coal Company, with cross-claim by defendant. Verdict for plaintiff, motion to overrule it set aside, and judgment rendered thereon for a certain amount, and defendant brings error. Reversed, verdict set aside, and cause remanded for a new trial.

*Osenton & Horan,* for plaintiff in error.

*J. L. Ryan,* and *Thos. Ryan,* for defendant in error.

POFFENBARGER, JUDGE:

In this verdict in an action of assumpsit, involving cross claims, the plaintiff's account being one for lumber, ties, mine posts, etc., amounting to $705.30, and the defendant's one for general merchandise, coal and feed for stock, amounting to $597.35, exclusive of a check hereinafter to be mentioned, the jury allowed the plaintiff his entire claim and rejected a large part of the defendant's. On the verdict for $515.89 in favor of the plaintiff, the court rendered a judgment, after having overruled a motion to set aside.

The plaintiff's statement begins with a small balance due him on February 4, 1915. That of the defendant commences on Dec. 26, 1914. Although no settlement was made in December 1915, the defendant ascertained from its books, on Dec. 14, 1915, that there was due the plaintiff $100.90 and accordingly made out a voucher and check in his favor for that amount, on the same paper, and sent them to him, but he never signed the voucher nor cashed the check. Nor was the paper ever returned to the defendant, but it was put in evidence on the trial and is no longer in the plaintiff's hands. The defendant's account made after the date of the check amounted to $290.31, as shown by its books regularly kept and proved by the clerks and bookkeeper. Deduction of said sum of $290.31 from plaintiff's entire account and addition of the amount of the check to the remainder make

exactly the amount of the verdict, but this result is accomplished by omission of $307.04 of the defendant's account.

In resistance of the account of sets-off, the plaintiff filed two statements of what he had purchased from the defendant, one for the year 1915, amounting to $63.77 and the other for 1916, amounting to $74.65, total $138.42. Although he can write, he says his wife kept these accounts or made up these statements for him. She was not called as a witness, however. Most of the items of both, were credits for feed and coal. The mathematical demonstration given above tends very strongly to prove the rejection of these two statements by the jury. In no way can they be so combined with other figures as to produce the amount of the verdict. It also tends clearly to prove the defendant's statement of its own account made after the date of the check was accepted by the jury, as being correct, for it fits into the demonstration perfectly. If the jury could have correctly found or assumed a settlement as of the date of the check, extinguishing the plaintiff's claim up to that date, the addition of the amount of the check would have been proper, in as much as it would have represented a balance due the plaintiff and had not been paid and was surrendered in the course of the trial. But as the whole of the plaintiff's demand was allowed in the verdict, the part preceding the date of the check as well as the part following it, no such settlement and balance could have been found or assumed, wherefore the whole of the defendant's account, save the amount of the check, should have been allowed also.

No intelligent, just and reasonable combination of the figures shown by the statements, contentions and evidence of the parties will produce the result of the verdict. The only possible mathematical reconciliation of the figures with the verdict approves the plaintiff's entire demand against the defendant, condemns his statement of credits and accepts as correct the latter part of the defendant's account. As both parts of the defendant's statement stand upon the same kind of evidence, there was no reason for accepting one part of it and rejecting the other. On the theory of a setlement showing a balance on a certain date, no part of the plaintiff's demand existing prior to that date could have been allowed. Manifestly, therefore, the verdict, as to its amount, was

the result of a mistake on the part of the jury, made in their calculations.

New trials are not often awarded on the ground of such a mistake, because that particular ground either does not exist or is undiscoverable, but, when it is plainly revealed, it constitutes good ground for the award of a new trial. *Woods* v. *Macrea,* Wythe, 253; *Deems* v. *Quarrier,* 3 Rand. 476. Viewed in the light of the evidence, this verdict is contradictory, uncertain in its bases and apparently excessive. Both uncertainty and excessiveness are grounds for a new trial.

The judgment will be reversed, the verdict set aside and the case remanded for a new trial.    *Reversed and remanded.*